UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEREK M. BELL,

                Plaintiff,

vs.                                      Case No. 2:11-cv-80-FtM-29DNF

B. GOLD, Officer,

                Defendant.
_____

**OPINION AND ORDER**

**I.**

    This matter comes before the Court upon review of Defendant Gold's Motion to Dismiss (Doc. #26, Motion) and attached exhibits consisting of the affidavits from Scott Brock and Thomas Eberhardt (Doc. #27); a form signed by the Plaintiff acknowledging that he received a copy of the Lee County Jail's Inmate Rules and Handbook on May 27, 2010 (Doc. #27-1); a copy of the Lee County Jail's Inmate Rules and Regulations Inmate Handbook (Doc. #27-2); copies of unrelated inmate grievances filed by Plaintiff (Doc. #27-3); and, a copies of two Inmate Disciplinary Reports that Plaintiff received related to the August 27, 2010 incident, which gave rise to Plaintiff's claim (Doc. #27-4). After being granted an extension of time to respond, Plaintiff filed a response in opposition (Doc. #34, Response) to the Motion. This matter is ripe for review.

**II.**

Plaintiff files this action against Officer B. Gold, a correctional officer at the Lee County Jail.[1] Second Amended Complaint at 1. The gravamen of the Complaint is that on August 27, 2010, Defendant Gold sprayed Plaintiff in the face, head, chest and back with chemical agents "for no reason at all." Id. at 9.

Plaintiff alleges that at "feed up time," Defendant Gold approached him and asked why he had slashes in his eyebrows and whether he was in a gang. Id. at 8. Plaintiff denied being in a gang. Id. at 8-9. Plaintiff states that Defendant Gold then told Plaintiff that after chow he was going to give Plaintiff clippers, so Plaintiff could shave his eyebrows. Id. at 8. Plaintiff states that he told Defendant Gold "No" and "that's not in the rule book." Id. at 8-9. Plaintiff states Defendant Gold then told Plaintiff to return to his cell to pack his belongings. Id. at 8. Plaintiff states that he complied with these directives and sat where Defendant Gold had instructed him to sit. Plaintiff alleges about five minutes passed and he asked Defendant Gold if he could speak to the Sergeant, but Defendant Gold told him to "shut up." Id. at 9. Plaintiff states that a few minutes later the Sergeant walked through the door and at that time Defendant Gold sprayed him in the

---

[1]Defendant also argues that the Lee County Jail should be dismissed because the jail is not sui juris. Motion at 3-4. The Court terminated the Lee County Jail as a Defendant in July 2011. See docket.

-2-

face.  Id.  As relief, Plaintiff seeks "to be paid for pain and suffering, emotional abuse, psychological depress [sic], harassment."  Id. at 10.

### III.

Defendant Gold moves to dismiss based on Plaintiff's failure to exhaust his administrative remedies.  Motion at 4-7.  Defendant attaches a copy of the Lee County Jail's Handbook setting forth the exhaustion procedures at the Jail.  Defendant also submits affidavits from two jail personnel attesting that Plaintiff did not exhaust the remedies available to him.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997(a) (emphasis added).  A prisoner must exhaust all available administrative remedies before filing an action in federal court.  Woodford v. Ngo, 548 U.S. 81, 88 (2006); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court."  Id. at 211; see also Bingham v.

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust, the inmate must comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Defendant Gold explains that the Lee County Jail's grievance procedure requires that an inmate file a grievance within 15 days of the date the incident took place. Id. at 6 (citing Aff. Eberdardt at 1); see also Inmate Rules and Regulations Inmate Handbook at 12. Additionally, an inmate must file an appeal by writing a grievance to the Corrections Bureau Commander, or to his designee. Motion at 6 (citing Aff. Eberhardt); Inmate Rules and

Regulations Handbook at 12. In this case, Defendant Gold submits that Plaintiff never filed any grievances, despite the fact Plaintiff was aware of the procedures because he received a copy of the Inmate Rules and Regulations Handbooks. Id.; see also Aff. Brock, Doc. #27; Form Acknowledge Receipt, Doc. #27-1. In Response, Plaintiff does not assert that he exhausted his administrative remedies, nor does he come forward with any evidence establishing that he filed an initial grievance and an appeal thereof.[2] However, attached to Plaintiff's initial Complaint is a copy of an inmate grievance dated August 30, 2010, concerning the incident sub judice. Officer Brock attests that the records at the Lee County Jail reveal that this inmate grievance was never submitted to jail officials. Aff. Brock, Doc. #27. Plaintiff does not dispute this testimony. Even if the Court assumes arguendo that Plaintiff submitted the grievance, which is attached to his Complaint, Plaintiff does not contend that he filed an appeal therefrom in contradiction to the Lee County Jail's rules. See Second Amended Complaint at 4 (acknowledging that Plaintiff

---

[2]Despite the Court granting Plaintiff's motions for an extension of time to file a Response to Defendant's Motion, Plaintiff does not respond to Defendant's arguments that he failed to exhaust in his Response. See Response. Instead, Plaintiff submits that he needs a lawyer's assistance in order to respond. Id. Plaintiff previously requested appointment of counsel and the Court denied the Motion, finding that Plaintiff was capable of litigating his case. See Docs. #28, #30. The Court determines that Plaintiff does not require counsel to explain whether he filed grievances relating to the incident in question.

submitted the relevant copies with his initial Complaint). The Court finds Plaintiff failed to exhaust his remedies prior to initiating this action. Consequently, Plaintiff's Second Amended Complaint is dismissed without prejudice pursuant to § 1997e(a).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #26) is **GRANTED** and the Second Amended Complaint is dismissed **without prejudice**.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___9th___ day of March, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record